UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


GRACIE FLOSSIE SPRY,

      Movant

v.                          CIVIL ACTION NO. 2:03-0621
                          (Criminal No. 2:01-00011-06)

UNITED STATES OF AMERICA,

      Respondent


MEMORANDUM OPINION AND ORDER


      Pending before the court is the movant's motion pursuant to 28 U.S.C. § 2255, filed July 7, 2003.  Also pending before the court are movant's first and second supplemental petitions for a writ of habeas corpus, filed on October 4, 2004, and February 15, 2005.


I.


      The court first addresses movant's motion filed July 7, 2003, which seeks the vacatur, set aside, or correction of her October 9, 2001, sentence of 240 months imposed upon her conviction by a jury of conspiracy to distribute more than 100 kilograms of marijuana and 500 grams of cocaine.  In support of the motion, movant asserts her former attorney, Charles Coy,

1

failed to provide effective assistance of counsel "from the pre-trial through the post-trial proceedings" and her supporting memorandum identifies numerous incidents which allegedly support this claim.

The proposed findings and recommendation of the United States Magistrate Judge, issued on December 19, 2003, set forth a thorough consideration of all the incidents movant identifies which purportedly demonstrate that Mr. Coy failed to provide effective assistance of counsel. The magistrate judge ultimately proposes that the court "find that (a) none of the alleged errors constitute attorney performance which falls below the wide range of reasonable professional assistance, (b) viewed collectively, the alleged errors do not constitute incompetent performance, and (c) Defendant [movant] has failed to show that she was prejudiced by her counsel's representation of her." (PFR at 21.)

On January 1, 2004, movant filed objections to the proposed findings and recommendation which simply recite arguments previously asserted in the briefing she submitted to the magistrate judge. Indeed, movant appears to have copied large portions of her previously filed memorandum and reply with

only a few subtle word and numbering changes.[1]  Having reviewed

the objections and noting the magistrate judge has already fully

and adequately addressed movant's argument that she was denied

effective assistance of counsel, the court finds movant's

objections to be without merit.

II.

The court next addresses movant's first and second

supplemental petitions, which assert her sentence (1) is

"constitutionally impermissible" under Blakely v. Washington, 542

U.S. 296 (2004) and (2) was imposed in violation of both Apprendi

v. New Jersey, 530 U.S. 466 (2000) and  United States v. Booker,

530 U.S. 220 (2005).

On March 1, 2005, the magistrate judge issued proposed

findings and recommendation addressing both supplemental

petitions.  At the time the proposed findings and recommendation

--------------------------------

[1]Movant has lodged one specific objection to the proposed
findings and recommendation, namely, she disputes the magistrate
judge's reference to movant's failure to provide an affidavit in
support of her factual allegations.  Movant contends that her
signature on the motion constituted her oath to the multiple
allegations of ineffective assistance of counsel.  The court need
not address this minor matter inasmuch as the magistrate judge
did not find the failure to provide an affidavit to be fatal to
her ineffective assistance of counsel claim and proceeded to
address the substance of movant's factual allegations.

was issued, the Fourth Circuit Court of Appeals had yet to address the question of whether <u>Blakely/Booker</u> may be applied retroactively to a collateral challenge.  Accordingly, the magistrate judge relied primarily on decisions from other circuit courts of appeals in proposing that the court find that <u>Blakely/Booker</u> do not apply retroactively to movant's collateral challenge.  On March 21, 2006, movant filed terse supplemental objections to the magistrate judge's proposed findings and recommendation maintaining <u>Blakely/Booker</u> should be retroactively applied and further asserting that her sentencing was impermissible under <u>Apprendi</u> inasmuch as the jury was not asked to make findings as to the amounts of the controlled substances attributed to the movant.

Both arguments are subject to summary disposition.  The Fourth Circuit Court of Appeals has recently held that neither <u>Blakely</u> nor <u>Booker</u> is available for post-conviction relief sought by federal prisoners whose convictions became final before the decisions in those two cases.  <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).  It is undisputed movant's conviction became final prior to the United States Supreme Court's decisions in both <u>Blakely</u> and <u>Booker</u>, and, thus, these cases are of no assistance in movant's collateral challenge.

4

With respect to movant's assertion that her sentence was impermissible under <u>Apprendi</u>, this argument has already been addressed on direct appeal.  The Fourth Circuit found that <u>Apprendi</u> was inapplicable to movant's case inasmuch as her sentence did not exceed the specified statutory maximum term and further held that this court did not err when it calculated the quantity of controlled substances to determine the base Offense Level under the Sentencing Guidelines.  <u>See</u> <u>United States v. Spry</u>, CR-01-11, pgs. 3-4 (May 30, 2002), appearing as docket entry # 286.  Based on the decision of our circuit court of appeals, the court need not revisit movant's arguments.

In light of the foregoing, the supplemental objections are similarly without merit and provide no support for movant's original motion pursuant to section 2255.

### III.

The proposed findings and recommendation of the magistrate judge, filed December 19, 2003, and March 1, 2005, are hereby adopted and incorporated herein.  It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 and first and second supplemental petition for a writ of habeas corpus be, and they hereby are, denied.  The court further ORDERS

5

that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 2, 2006

John T. Copenhaver, Jr.
United States District Judge